IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBIN SIMMONS, | ) | 8:12CV365 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON INITIAL** |
| MATTHEW J. CONNEALY, LAW | ) | **REVIEW** |
| OFFICE OF CRARY & HUFF, IDA | ) | |
| HINGST, KEITH KOEPKE, PETOY | ) | |
| DOHRMAN, and WILLIAM | ) | |
| KOEPKE, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Robin Simmons ("Simmons"), filed a Pro Se Civil Complaint on October 12, 2012 (filing No. 1.) and was given leave to proceed in forma pauperis. (Filing No. 5.) An initial review of the Pro Se Civil Complaint has been conducted to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.      SUMMARY OF COMPLAINT

Simmons, a nonprisoner currently residing in Elkader, Iowa, (*Id*.; *see* Docket Sheet.) filed her Complaint on October 12, 2012, against the Law Office of Crary & Huff and five individuals. (Filing No. 1 at CM/ECF p. 1.)

Condensed and summarized, Simmons alleges she was renting property located at 607 Main Street in Pender, Nebraska. (Filing No. 1 at CM/ECF p. 2.) On March 27, 2011, she entered into a contract to purchase the property. (*Id*.) However, a dispute arose regarding the condition of the property and the parties' agreement. (*Id*. at CM/ECF p. 3.) On October 13, 2011, a judgment was entered against Simmons. (*Id*.) The details and reasons for the judgment are unclear. However, Simmons

alleges the judgment violated her rights under the Fair Debt Collection Practices Act ("FDCPA")(*Id*. at CM/ECF pp. 3-4.), seeks monetary damages in the amount of $200,000 and any other relief the court deems just. (*Id*. at CM/ECF p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

I am required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. I must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

-2-

## III.   DISCUSSION OF CLAIMS

Liberally construed, Simmons asks this court to review a previously entered judgment because it violates her rights under the FDCPA.  (Filing No. 1 at CM/ECF pp. 3-5.)  Simmons has neither filed a copy of the judgment nor clearly described the circumstances that led to the judgment.[1]  As a result, Simmons has failed to allege sufficient facts to state a claim upon which relief may be granted.

However, on the court's own motion, Simmons shall have until December 26, 2012, to file an amended complaint that sufficiently describes how the October 13, 2011, judgment violated her federal rights and a copy of the October 13, 2011, judgment and any related documents.  If Simmons  elects to file an amended complaint it shall restate the allegations of Simmons' current Complaint (filing no. 1), and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If Simmons fails to file an amended complaint in accordance with this memorandum and order, Simmons' claims against the defendants will be dismissed without prejudice without further notice.

IT IS THEREFORE ORDERED that:

---

[1]If the judgment is a state court judgment, the *Rooker-Feldman* doctrine prohibits this court from exercising appellate review.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).  In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional."  *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)).

-3-

1.     Simmons shall have on or before December 26, 2012, to amend her Complaint and clearly state a claim upon which relief may be granted against the defendants in accordance with this memorandum and order.  If Simmons fails to file an amended complaint, Simmons' claims against the defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2.     In the event that Simmons files an amended complaint, Simmons shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3.     The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on December 26, 2012.

4.     Simmons shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

Dated December 11, 2012.

BY THE COURT

Warren K. Urbom
United States Senior District Judge

_____

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.